**Freddie ALFORD, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civil Action No. 93–1565.**

United States District Court,
D. New Jersey.

March 3, 1995.

Langton & Alter by James Langton, Rahway, New Jersey, for Plaintiff.

Faith S. Hochberg, United States Attorney by John C. Jeannopoulos, Special Assistant U.S. Attorney, Newark, New Jersey, for Defendant.

## *OPINION*

BISSELL, District Judge.

Plaintiff, Freddie Alford, filed this appeal on April 12, 1993. He seeks a review of an Administrative Law Judge's ("ALJ") determination that he was not sufficiently disabled to receive Social Security benefits. The petitioner claims that the ALJ erred in his decision to deny benefits when he misapplied sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 216(i) and 223.

This Court has jurisdiction pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g).

## FACTS AND BACKGROUND

### Procedural History

Freddie Alford made his initial application for disability benefits on January 16, 1991. (Stip. of Facts, ¶ 1). The application asserts that a back problem, which allegedly occurred on the same date of the filing, created a disability. (*Id.*) Mr. Alford's application was denied upon its initial submission and when it was submitted for reconsideration. (*Id.*, ¶ 2).

Subsequently, on February 20, 1992 and March 27, 1992, ALJ John M. Farley conducted hearings to address the denial of benefits. (*Id.*, ¶ 3). On June 17, 1992, ALJ Farley issued an opinion stating that Mr. Alford was not under a disability that would warrant Social Security benefits. (*Id.*, ¶ 4). On February 9, 1993, the Social Security Appeals Council declined to review Mr. Alford's petition. (*Id.*) An appeal to this Court followed.

### Freddie Alford

Freddie Alford is over 50 years old. (*Id.*, ¶ 8). He was born in South Carolina and completed eleven grades of high school. At present, the plaintiff is single and has no children. (*Id.*, ¶¶ 8–10).

Mr. Alford is a truck driver, although his truck driving license was suspended at the time of this petition because of traffic violations. (*Id.* ¶ 11). In the course of making his deliveries, the plaintiff states that he loaded and unloaded his truck by hand and/or with a loader. (*Id.* ¶ 12). The plaintiff asserts that, as a result of his back injury, he has not been able to work since 1988 or 1989. (*Id.*, ¶ 14). Prior to being a truck driver, Mr. Alford worked as a welder. (*Id.*, ¶ 15).

At his hearing before ALJ Farley, the plaintiff testified that he has constant pain in his lower back. (*Id.*, ¶ 19). Because of the injury, he claims that he cannot stand for an extended period of time and suffers from occasional pain up his back and down his leg. (*Id.*). The plaintiff further testified that the pain is exasperated when he attempts to lift objects and that his doctor had instructed him not to lift any object that weighed over 20 pounds. (*Id.*).

Apart from his back problems, plaintiff gets occasional leg cramps and aches in his chest. (*Id.*, ¶ 16). While he "smokes and drinks once in a while," he has never had an abuse problem. (*Id.*, ¶ 18). Mr. Alford has full range of motion in his shoulders, arms and legs. (*Id.*, ¶ 21). Plaintiff does get headaches in the center of his head. He treats them with Advil or Anacin and lays down to relieve the pain. (*Id.*).

### The ALJ's Findings

The ALJ postponed the initial hearing in this matter in order to allow Mr. Alford to seek counsel. Five weeks later, on March 27, 1992, Mr. Alford acknowledged that the attorney he thought was going to represent him declined to do so. After being given the option to adjourn the proceedings again, the plaintiff decided to go forward with the hearing. As a result of the hearing, the ALJ pronounced the following findings on June 17, 1993:

a. The claimant has not engaged in substantial gainful activity since January 16, 1991;

b. The medical evidence establishes that the claimant has a lumbosacral strain, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4;

c. The claimant's allegations of constant, severe pain are not credible and such pain either in itself or in conjunction with any other subjective complaints is not of such severity as to constitute the claimant disabled within the meaning of the Social Security Act, as amended;

d. The claimant has the residual functional capacity to perform work-related activities except for work involving the ability to lift and carry more than fifty pounds at a time due to occasional low back discomfort;

e. The claimant's past relevant work as a janitor did not require the performance of the work related activities precluded above and most tractor trailer jobs do not either;

f. The claimant's impairment does not prevent the claimant from performing past relevant work; and,

g. The claimant was not under a disability as defined in the Social Security Act, at any time through the date of this decision. (*Id.*, ¶ 24).

## *ANALYSIS*

### Standard of Review

■ Freddie Alford challenges ALJ Farley's factual determination which denied him benefits under the Social Security Act. An appeal to a district court, challenging an ALJ's factual determination, is reviewed to determine whether "substantial evidence" existed to support the decision. 42 U.S.C. §§ 405(g) and 1383(c)(3); *Olsen v. Schweiker*, 703 F.2d 751, 753 (3d Cir.1983). "Substantial evidence" is considered to be what a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). A district court's power to review an ALJ's determination is therefore specific and narrow. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972). Even if a district court disagrees with the determination of the ALJ, it must uphold the decision if it is supported by "substantial evidence." (*Id.; Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982)).

### Standard to Determine Disability

Mr. Alford asserts that he is entitled to benefits under the Social Security Act in light of his disability. The term "disability" has the same meaning under both Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 423(d) and 1382c(a)(3). Disability insurance cannot be paid absent an individual's compliance with the required standards. 42 U.S.C. § 423(c). Social Security Insurance may not be paid unless the petitioner satisfies the income and resource limitations of 42 U.S.C. §§ 1382(a) and 1382(b).

To receive these benefits, a plaintiff must establish that:

... his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

■ Once the plaintiff establishes that he is impaired, the burden shifts to the Secretary to show that the claimant given his "age, education and work experience, has the capacity to perform specific jobs that exist in the national economy." *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir.1979). The Secretary can demonstrate this capacity by "prov[ing] that the plaintiff ... retains the residual functional capacity to work on a regular continuing basis." *Stunkard v. Secretary of Health and Human Services*, 841 F.2d 57, 60 (3d Cir.1988).

■ Testimony of an examining physician, in his area of specialty, can serve as the substantial evidence to support an ALJ's conclusion. *Richardson*, 402 U.S. at 402, 91 S.Ct. at 1428. The ALJ determined that in light of the testimony and the medical reports submitted that the Secretary had satisfied this burden of proof. (Stip. of Facts, ¶ 24(g)). According to the ALJ's decision, Mr. Alford did not warrant benefits under the Social Security Act. (*Id.*).

### The ALJ's Determination that Plaintiff Could Work

■ The ALJ determined that Mr. Alford was capable of continuing to drive a tractor trailer or work as a janitor despite his back pain. 20 C.F.R. §§ 416.945 and 416.965. The ALJ thus decided that Mr. Alford was capable of carrying out work that did not involve carrying more than 50 pounds and was, therefore, not disabled. 20 C.F.R. §§ 416.920(e) and 416.960(b). This decision was based upon ALJ Farley's observation, Mr. Alford's testimony, and a medical exam by Dr. M. Mohit, a New Jersey Health Examiner.

Dr. Mohit performed a consultative examination of the plaintiff on September 18, 1981. (Medical Abstract). Dr. Mohit concluded that while Mr. Alford complained of back pains he did not present the symptoms of an individual suffering from such an injury. (*Id.*). A clinical exam and x-rays confirmed this conclusion. (*Id.*) This evidence, by it-

self, constitutes the substantial evidence needed to support ALJ Farley's decision that Freddie Alford was not disabled. *See Richardson,* 402 U.S. at 402, 91 S.Ct. at 1428.

### Absence of Counsel for Mr. Alford

■ In a Health and Human Services proceeding, a plaintiff is entitled to have counsel present. *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir.1980). However, the government does not have a duty to supply the counsel. (*Id.*) Prior to conducting the hearing before the ALJ, the plaintiff received a notice of his right to counsel. (Tr. 23–24). On February 20, 1992, Mr. Alford appeared before ALJ Farley but asked for an adjournment in order to determine why the attorney he believed he had retained was not present. (*Id.* at 25).

■ The plaintiff's hearing was reconvened on March 27, 1992. (*Id.* at 26). At the March 27, 1992 hearing, ALJ Farley and Mr. Alford discussed a letter both had received. The letter stated that plaintiff's intended counsel was not going to represent him. (*Id.*) At that point, the plaintiff decided to represent himself. This Court believes that such a decision constitutes a valid waiver.

■ Moreover, plaintiff's current counsel was retained prior to Mr. Alford's petition to Health and Human Services' Appeals Council. (*Id.* at 5–7). This counsel was given the opportunity to review the proceedings conducted by the ALJ and file a memorandum of law in support of Mr. Alford's appeal. (*Id.* at 7). No memorandum was filed. (*Id.*). Nor did the plaintiff challenge the adequacy of his self-representation in his petition to the Appeals Council. "Simple fairness to those who are engaged in the task of administration, and to the litigant, requires ... that [a district court] should not topple over administrative decisions unless the administrative body not only erred but has erred against objection made at the time appropriate under its practice." *Director, Office of Workers' Compensation Programs v. North American Coal Corp.,* 626 F.2d 1137, 1143 (3d Cir.1980) (quoting *United States v. Tucker Truck Lines Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952)).

Mr. Alford had the opportunity to challenge the adequacy of his self-representation before the Appeals Council. He did not. This Court is the inappropriate forum to first raise the issue of adequacy of representation. (*Id.*).

### CONCLUSION

In light of the foregoing, plaintiff's application is denied.

### *ORDER*

For the reasons set forth in the Court's Opinion filed herewith,

It is on this 3rd day of March, 1995,

**ORDERED** that plaintiff's appeal be and it hereby is dismissed, and the Secretary's decision be and it hereby is affirmed.