Jose Luis DeJESUS, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security[1], Defendant.

No. 94 Civ. 0772 (JGK).

United States District Court, S.D. New York.

Sept. 18, 1995.

---

1. Pursuant to Public Law No. 103–296, §§ 105(a)(1), 106(d), 106(f) the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995, and the Court may enter an order for substitution of parties. Accordingly, Shirley S.

Michael D. Schoffman, Schoffman & Skovronsky, Brooklyn, New York, for Plaintiff.

Mary Jo White, United States Attorney, Linda A. Riffkin, Assistant United States Attorney, Office of the United States Attorney for the Southern District of New York, New York, New York, for Defendant.

### OPINION AND ORDER

KOELTL, District Judge:

The issue in this case is whether substantial evidence supports the finding by the Commissioner of Social Security ("Commissioner") that the plaintiff, Jose Luis DeJesus, is not entitled to Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act") because he is not disabled within the meaning of that program. After listening to the sworn testimony of the plaintiff and reviewing all the medical records that were submitted, on July 30, 1993 the Administrative Law Judge ("ALJ") determined that the plaintiff was not eligible for a Period of Disability or Disability Insurance Benefits. (R. 18.) The ALJ determined that while the plaintiff had chronic low back derangement before his date of last insurance, March 31, 1984, making him incapable of performing his past relevant work,

---

Chater, Commissioner of Social Security, has been substituted as defendant in this action for the Secretary of Health and Human Services and the title Commissioner has been used for any references to the Secretary throughout this opinion.

he retained the residual functional capacity to perform the full range of sedentary work. (R. 17.) On November 10, 1993, the Appeals Council of the Social Security Administration denied the request to review the ALJ's decision. (R. 5.) Thereafter, the Appeals Council vacated its prior action in order to consider arguments raised by the claimant's counsel. Upon further review, the Appeals Council again concluded there was no basis for granting the request to review. (R. 2.) This appeal followed.[2]

This matter was referred to Magistrate Judge Andrew J. Peck for a report and recommendation. Magistrate Judge Peck recommended that the plaintiff's motion for judgment on the pleadings be granted, the Commissioner's motion be denied, and the matter be remanded to the Commissioner for the calculation and payment of benefits. The Commissioner objects to these recommendations. For reasons explained below, after reviewing Magistrate Judge Peck's Report and Recommendation dated June 14, 1995, and the Commissioner's objections, and after a *de novo* review of the administrative record in light of the objections, this Court concludes that there is not substantial evidence supporting the Commissioner's determination that the plaintiff is not disabled within the meaning of the Disability Insurance program.[3]

## I.

The plaintiff Jose Luis DeJesus was born on December 12, 1945, has an education of seven years, and speaks no English. (R. 30.) He testified that prior to his injury in 1978, he had performed general work in a factory from 1972 to 1978, including cleaning, packing boxes, loading and unloading trucks, and repair work. (R. 30–31.) The plaintiff testified that he became disabled on October 9,

1978, due to back pain and numbness in his leg, rendering him unable to continue working. (R. 32, 39.)

On August 30, 1991, the plaintiff filed an application for Social Security Disability Insurance benefits. (R. 39–42.) There is no question that the benefits sought are for the period October 9, 1978, when the plaintiff allegedly became disabled, to March 31, 1984, his date last insured for purposes of the Social Security Act.[4] His application was denied at both the initial and reconsideration levels of administrative review. (R. 43–44, 46–47.) On December 28, 1992, a hearing was held by ALJ Herbert Forsmith to determine if the plaintiff was entitled to a Period of Disability or Disability Insurance Benefits under the Social Security Act. The ALJ found that on or before his date last insured, March 31, 1984,

> [t]he [plaintiff] did not have an impairment or combination of impairments listed in or medically equal to one set forth in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4, nor did he have an impairment which would have prevented him from performing sedentary work activity.

(R. 14.) The ALJ noted the statements made by Dr. Tacktill, the plaintiff's treating physician, on forms submitted to the Workers' Compensation Board on August 30, 1983 and May 24, 1983, that the plaintiff was totally disabled. The ALJ discounted these statements, however, first because the statements were made to the Workers' Compensation Board and, therefore, "it is reasonable to infer that the physician was relating claimant's disability to his prior work, a repairman and packer, which was at least medium in terms of exertional demands." (R. 15.) Additionally, the ALJ noted that Dr. Tacktill

---

**2.** This appeal is taken pursuant to § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), which authorizes judicial review of determinations of the Commissioner of Social Security in accordance with 42 U.S.C. § 405(g). Both the plaintiff and the defendant have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**3.** The statutory definitions of disability are identical under both Title II Disability Insurance and

Title XVI Supplemental Security Income ("SSI") Programs. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a)(3). Cases under 42 U.S.C. § 423 are cited interchangeably with cases under 42 U.S.C. § 1382c(a)(3). *See Hankerson v. Harris*, 636 F.2d 893, 895 n. 2 (2d Cir.1980).

**4.** The plaintiff does not dispute that March 31, 1984 was his date last insured. (*See* Pl.'s Mem. Of Law at 3 n. 1.)

also reported on forms prepared for the Workers' Compensation Board dated December 6, 1983, May 31, 1984, and September 11, 1984 that the plaintiff was only partially disabled. The ALJ found that the clinical findings and diagnosis remained the same, noting specifically that the physician reported chronic lower back derangement with pain, restricted motion, muscle spasms, and radiculopathy. (R. 15.) The ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act at any time on or before his last date insured.[5] (R. 14.) On November 10, 1993, the Social Security Administration's Appeals Council denied the plaintiffs request for a review of the ALJ Forsmith's decision. (R. 5.) Thereafter, the Appeals Council vacated its prior action in order to consider arguments raised by the claimant's counsel. Upon further review, the Appeals Council again concluded there was no basis for granting the request to review. (R. 2.) Consequently, ALJ Forsmith's decision became the final decision of the Commissioner with respect to the August 30, 1991 application for Disability Insurance Benefits.[6] The plaintiff filed the complaint in this action on February 8, 1994. The plaintiff and the Commissioner both moved for judgment on the pleadings under Fed.R.Civ.P. 12(c), and the matter was referred to Magistrate Judge Peck for a report and recommendation. Magistrate Judge Peck submitted a thorough Report and Recommendation on June 14, 1995 in which he recommended that this Court "reverse the [Commissioner]'s decision that plaintiff was not disabled on or before March 31, 1984, and remand the case to the [Commissioner] for the calculation and payment of benefits." (Report and Recommendation at 18.) In particular, Magistrate Judge Peck noted:

It is clear that an ALJ's evaluation of residual work capacity must be based on objective medical evidence, diagnoses and medical opinions based on such facts, and subjective evidence of pain as well as disability testified to by the claimant or others. . . .

An ALJ's lay evaluation of the medical reports, without more, is not substantial evidence of plaintiff's work capabilities. . . . [T]here is no evidence in the record that DeJesus could perform other basic work activities such as walking, sitting or standing for prolonged periods of time.

In sum, because the ALJ failed to adequately develop the record in reaching his determination of plaintiff DeJesus's residual functional capacity, I recommend that the Court cannot conclude that substantial evidence exists to support the ALJ's finding on this issue.

(Report and Recommendation at 15–17.) Magistrate Judge Peck also found that a remand for further proceedings would be inappropriate "since it appears unlikely that the [Commissioner] could present new evidence on this issue, the [Commissioner] has not sought a remand, and there is no showing by the [Commissioner] of 'good cause' for the failure to include the appropriate evidence in the original administrative record." (Report and Recommendation at 17.)

The Commissioner has filed an objection to the Magistrate's Report and Recommendation objecting to the Magistrate's findings that the Commissioner's decision that the plaintiff could perform sedentary work was not supported by substantial evidence and that the matter should be remanded only for calculation of benefits.

## II.

When a Magistrate Judge files a report and recommendation in accordance of 28 U.S.C. § 636(b)(1)(B),

---

**5.** "Disability" is defined as follows.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy.

20 C.F.R. § 404.1505(a).

**6.** Accordingly, references to the determinations and findings that are at issue in this appeal are referred to, interchangeably, as those of the ALJ and those of the Commissioner.

[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1)(C).

A court may reverse a finding of the Commissioner only if that finding is not supported by substantial evidence in the record. 42 U.S.C. § 405(g) (1991) (made applicable to SSI cases by 42 U.S.C. § 1383(c)(3) (1992)). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Diaz v. Shalala,* 59 F.3d 307, 312 (2d Cir.1995); *Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir. 1991). This Court's independent *de novo* review of the entire record indicates that Magistrate Judge Peck's Report is supported by the applicable law, and this Court therefore accepts it and overrules the objection.[7]

Magistrate Judge Peck first defined "disability" under the Act. (Report and Recommendation at 8–9.) Under the Act, a person is considered disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment must be of a severity that the person:

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A). The Commissioner has established a five step sequential evaluation process for evaluating disability claims:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; ... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.... [T]he claimant bears the burden of proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982); *see also Diaz,* 59 F.3d at 312 n. 2; 20 C.F.R. §§ 404.1520, 416.920.

The Magistrate Judge carefully applied each step in the above sequence to the present case, and the Commissioner objects only to the Magistrate's finding on the fifth and final step—as to which the Commissioner bears the burden of proof—that there is other work that the claimant could perform. First, the Magistrate Judge determined that the plaintiff was not engaged in substantial gainful activity. (Report and Recommendation at 10–11.) It is undisputed that the

---

7. The Commissioner notes in passing that the Magistrate Judge appeared to have focused on SSI benefits rather that Social Security Disability Insurance Benefits. *That is not a fair reading of* the Report, and, as the Commissioner is aware, the definition of disability for Disability Insurance Benefits and SSI Benefits is the same. *See supra* note 3.

plaintiff was unemployed throughout the applicable time period. Next, the Magistrate Judge found that the Commissioner's determination that the plaintiff had severe physical impairments making him incapable of performing basic work activities was supported by substantial evidence. (Report and Recommendation at 11–12 (citing 20 C.F.R. § 404.1521(b)(1)–(5) (defining basic work activities).) The Magistrate Judge recognized that the plaintiff had the burden of establishing a prima facie case by showing that the impairment prevented him from returning to his prior employment. (Report and Recommendation at 11 (citing *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980).)

In his prior job the plaintiff was required to bend and lift 25–50 pounds. (R. 52.) The plaintiff testified that he was unable to bend down or pick up any boxes. (R. 32.) It is of further note that, although the Magistrate Judge did not raise this point, medical reports by Dr. Tacktill during the relevant time in February, May, August, and November of 1983 describe the plaintiff's injury as a "[c]hronic low back derangement with radiation to right leg and local muscle spasm," with restrictions in both trunk movements and pain associated with both trunk and leg movements. (R. 93–94, 95.) There is substantial evidence to support the ALJ's finding that the plaintiff's condition was severe enough to significantly limit his ability to perform his past relevant work.

The Magistrate Judge then proceeded to the third step and determined that there was substantial evidence to support the ALJ's conclusion that the plaintiff does not have a disability listed in Appendix 1 of the regulations. (Report and Recommendation at 12–14.) The Magistrate Judge noted the appropriate listing of impairments for this case is "Disorders of the Spine." *See* 20 C.F.R. Ch. 111, Subpt. P, App. 1 § 1.05(C).

The Magistrate Judge, taking into consideration all the medical records and testimony of the plaintiff, concluded that there was substantial evidence to support the ALJ's finding. The medical reports did not mention any motor loss or muscle weakness as required by the regulation, (R. 93–95), and the plaintiff's testimony did not compensate for the lack of that evidence. The parties do not dispute this conclusion by Magistrate Judge Peck.

In applying the fourth step of the five step process, the Magistrate Judge concluded that the plaintiff did not have the residual capacity to perform his past work. (Report and Recommendation at 14.) The reasons for this conclusion are set forth above; the ALJ found that this plaintiff was incapable of performing his past relevant work, and the Commissioner raises no objections to this conclusion.

In applying the fifth and final step, the Magistrate Judge concluded that the evidence was insufficient to support the ALJ's conclusion that the plaintiff could perform sedentary work.[8] (Report and Recommendation at 14–17.) The Magistrate Judge noted that the ALJ did not receive any evidence on this question and failed to call the plaintiff's primary physician to testify on the matter. (Report and Recommendation at 15, 16.) The Commissioner has the burden of proving the fifth step, that a claimant can perform other work available in the national economy.

[The Commissioner] must consider objective medical facts, diagnoses and medical opinions based on such facts, and subjective evidence of pain or disability testified to by the claimant or others. In particular, the [Commissioner] is required to give considerable—and if uncontradicted, conclusive—weight to the expert opinions of the claimant's own treating physicians.

---

**8.** 20 C.F.R. §§ 404.1567(a) and 416.967(a) define sedentary work:

> (a) *Sedentary* work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Further, it is generally agreed by the Commissioner and the Court of Appeals that sedentary work generally involves sitting for six hours out of an eight-hour day. *See Ferraris v. Heckler*, 728 F.2d 582, 587 n. 3. (2d Cir.1984).

*Ferraris v. Heckler,* 728 F.2d 582, 585 (2d Cir.1984) (citations omitted); *see also Sims v. Sullivan,* No. 91 Civ. 1668, 1992 WL 138409, at *4 (E.D.N.Y. May 28, 1992). The lay evaluation of an ALJ is not sufficient evidence of the plaintiff's work capacity; an explanation of the claimant's functional capacity from a doctor is required. *Rivera–Torres v. Secretary of Health & Human Servs.,* 837 F.2d 4, 6–7 (1st Cir.1988). Magistrate Judge Peck determined that the ALJ's conclusion that the plaintiff could perform sedentary work was based on the ALJ's own lay opinion. (Report and Recommendation at 16.) The Magistrate Judge pointed out that the ALJ had an obligation to set forth the "crucial factors" in the determination "with sufficient specificity" to enable judicial review of whether the determination is supported by substantial evidence. (Report and Recommendation at 15–16 (citing *Ferraris,* 728 F.2d at 587).) The Magistrate Judge further noted that the ALJ's reliance on the fact that some medical reports prepared by Dr. Tacktill described the plaintiff as having a "partial disability" rather than a "total disability" was of limited value because the term "partial disability" is not defined under the Act.[9] (Report and Recommendation at 16.)

The Magistrate Judge, after discussing the five step evaluation, recommended that this matter be remanded only for the calculation and payment of benefits because it is unlikely the Commissioner could present new evidence on the issue of residual functional capacity. The Commissioner had not sought a remand and had not shown "good cause" for failing to include the appropriate evidence in the original administrative record. (Report and Recommendation at 17 (citing *Carroll v. Secretary of Health & Human Servs.,* 705 F.2d 638, 644 (2d Cir.1983) ("[W]hen, as here, the reversal is based solely on the [Commissioner]'s failure to sustain [her] burden of adducing evidence of the claimant's capability of gainful employment and the [Commissioner]'s finding that the claimant can engage in 'sedentary' work is not supported by substantial evidence, no purpose would be served by our remanding the case for rehear-

ing unless the [Commissioner] could offer additional evidence.").)

## III.

The Commissioner raises two objections to Magistrate Judge Peck's Report and Recommendation. First, the Commissioner argues that the ALJ's decision that the plaintiff could perform sedentary work is supported by substantial evidence. Second, the Commissioner argues that the matter should not be remanded solely for the calculation of benefits.

The Commissioner claims that because the plaintiff's treating physician, Dr. Tacktill, described the plaintiff as having a "partial disability" in some reports furnished to the Workers' Compensation Board, the plaintiff could perform sedentary work. (Def.'s Br. at 2–3.) The defendant cites *Stephens v. Heckler,* 766 F.2d 284, 285 (7th Cir.1985), to support the contention that a person who is partially disabled in the workers' compensation context is not disabled under the Act.

The Commissioner reads too much into *Stephens.* As *Stephens* makes clear, consistent with Magistrate Judge Peck's analysis here, findings of disability for workers' compensation purposes are of limited utility for disability purposes under the Social Security Act. Those findings are geared to the person's prior employment and allow findings of partial disability. The Social Security Act uses its own definition of disability, *see* 42 U.S.C. § 423(d)(1); 20 C.F.R. § 404.1505, under which there is no such thing as "partial disability." As *Stephens* explained, "[a] person is 'disabled' or not; there are no degrees." *Stephens,* 766 F.2d at 235.

The issue is whether a person is disabled as that term is defined under the Social Security Act, not whether a person is "disabled" or "partially disabled" for purposes of workers' compensation. *See Goodman v. Bowen,* No. 87 Civ. 1251, 1988 WL 138281, at *4 (E.D.N.Y. Dec. 9, 1988). *Stephens* did not view any findings of partial disability to be

9. These reports do provide medical evidence of "muscle spasms and painful restricted trunk

movements" which the ALJ asserted was "not so severe." (R. 15.)

determinative but rather looked to the substance of the numerous medical reports to see if there was substantial evidence to support the Commissioner's determination that the claimant was not disabled. Likewise in the present case, Dr. Tacktill's reports that the plaintiff was "partially disabled" for workers' compensation purposes were not evidence that the plaintiff had the capacity for the long periods of sitting required for sedentary work, just as Dr. Tacktill's findings of total disability were not determinative. But it was the Commissioner's burden to prove that the claimant was capable of sedentary work, and there is no substantial evidence to support the Commissioner's determination. *See Berry*, 675 F.2d at 467; *Diaz*, 59 F.3d at 312 n. 2. There is nothing in Dr. Tacktill's medical reports to support that determination, and, as Magistrate Judge Peck pointed out, the ALJ did not question directly either the claimant or Dr. Tacktill on the subject. Moreover, the ALJ did not set out the factors that would allow a judicial evaluation of the basis for his *ipse dixit* conclusion that the claimant was capable of performing sedentary work.

The defendant offers as additional evidence that the plaintiff can perform sedentary work the plaintiff's application for benefits and the fact that the plaintiff did not state that Dr. Tacktill told him not to stand, walk, or sit. (Def.'s Br. at 3–4.) Nevertheless, there is nothing in the application itself that is evidence that the plaintiff has the capacity for sedentary work. The fact that Dr. Tacktill, at least according to the plaintiff's response on the disability form, told him "no lifting, bending, carrying," (R. 57), is certainly not evidence that Dr. Tacktill found the plaintiff capable of the long periods of sitting necessary for sedentary work. Indeed, nothing in the medical reports indicates that Dr. Tacktill so found.

■ The Commissioner's second objection to the Report and Recommendation is that the matter should not be remanded solely for the calculation of benefits and payment. Because the current record demonstrates only a partial disability, the defendant argues, the record does not contain the kind of persuasive proof of disability that would defeat the purpose of a remand. (Def.'s Br. at 5–6.) The Commissioner also contends that the matter should be remanded because the claimant failed to show up for two scheduled examinations. (Def.'s Br. at 6.) Neither of these arguments are persuasive. Where a reversal is based solely on the Commissioner's failure to sustain her burden of presenting evidence of the claimant's capability of gainful employment and the Commissioner's finding that the claimant can engage in "sedentary" work is not supported by substantial evidence, no purpose is served by remanding the case if the Commissioner cannot offer additional evidence. *Carroll*, 705 F.2d at 644.

In *Shalala v. Schaefer*, —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the Supreme Court explained that the "exclusive methods" by which district courts may remand a case to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). Sentence four provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). And, sentence six provides, in relevant part:

> The court may, on motion of the [Commissioner] made for good cause shown before [she] files [her] answer, remand the case to the [Commissioner] for further action by the [Commissioner], and it may at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . .

*Id.*; *see also Melkonyan v. Sullivan*, 501 U.S. 89, 97–99, 111 S.Ct. 2157, 2162–64, 115 L.Ed.2d 78 (1991) (discussing the two types of remand); *Sullivan v. Finkelstein*, 496 U.S. 617, 624–27, 110 S.Ct. 2658, 2663–65, 110 L.Ed.2d 563 (1990) (same); *Caceres v. Shalala*, No. 93 Civ. 7444, 1995 WL 20312, at *2 (S.D.N.Y. Jan. 19, 1995) (McKenna, J.) ("The Court has jurisdiction to affirm, modify, or reverse any final decision of the Secre-

tary.... The Court may remand for good cause shown or to consider additional evidence which is material and not improperly ignored originally.") (citations omitted); *Irvine v. Sullivan*, No. 91 Civ. 500, 1992 WL 245581, at *5 (E.D.N.Y. Aug. 11, 1992) (noting, under the recent Supreme Court cases, the two possible types of remand).

In *Rivera v. Sullivan*, 771 F.Supp. 1339 (S.D.N.Y.1991) (Patterson, J.), the court discussed the circumstances in which a remand is appropriate. The court explained:

> The Second Circuit has noted that "where application of the correct legal principles to the record could lead to only one conclusion, there is no need to require agency reconsideration." In such a case, a remand solely for the purpose of calculating benefits is appropriate. Stated differently, the payment of benefits may be ordered "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." If, on the other hand, the record would permit a conclusion by the [Commissioner] that plaintiff is not disabled, the appropriate remedy is to remand for further proceedings rather than for the calculation of benefits.

*Id.* at 1358–59 (citations omitted). In *Rivera*, the court remanded solely for the calculation of benefits. *Id.* at 1359–60; *see also Koseck v. Secretary of Health and Human Servs.*, 865 F.Supp. 1000, 1013–15 (W.D.N.Y.1994) (reversing the Secretary's decision and remanding for the calculation of benefits where there was not substantial evidence in the record to support the determination that the plaintiff could perform sedentary unskilled work); *Irvine*, 1992 WL 245581, at *4–*7 (granting the plaintiff's motion for judgment on the pleadings and remanding for the calculation of benefits where there was not substantial evidence of the plaintiff's ability to perform any substantial gainful activity); *Morris v. Bowen*, No. 88 Civ. 0591, 1989 WL 270108, at *7 (S.D.N.Y. Jan. 12, 1989) (reversing the Secretary's decision to deny benefits and remanding for the calculation of benefits where the Secretary failed to adduce evidence of the claimant's capability of gainful employment and because the Secretary's

determination that the claimant could perform sedentary work was not supported by substantial evidence).

Here, the Commissioner has not proffered any new and material evidence or shown good cause why such evidence was not presented at the hearing. *See Carroll*, 705 F.2d at 643–44. The Commissioner does point out that the plaintiff submitted additional medical records after the hearing. The ALJ used those records, however, in reaching his decision and did not schedule any additional hearing. Thus, those records do not constitute new evidence warranting a remand. The Commissioner also points out that plaintiff failed to appear for two medical examinations. In the circumstances of this case, it is clear that those examinations are not a basis for new and material evidence. First, if these medical examinations were important the ALJ could have deferred a ruling until the examinations were conducted. The ALJ was aware that he did not have the results of the examinations and did not base his determination on the plaintiff's failure to appear at the examinations. Second, the relevant time period for disability benefits in this case is October 9, 1978 through March 31, 1984. The claimant was subsequently found to be disabled for purposes of SSI benefits in about 1986. (R. 32–33.) The Commissioner fails to explain how a physical examination in 1992 at the time of the hearing would provide substantial evidence that the plaintiff could have performed sedentary work in 1984, particularly in light of the fact that the Commissioner found the plaintiff to be disabled by about 1986. Moreover, the Commissioner does not explain adequately why a determination was not deferred pending the results of an examination the Commissioner now claims would present new and material evidence. Indeed, the Court is mindful that one function of the good cause requirement is to ensure that superfluous layers of reconsideration and review do not cause a claimant otherwise entitled to benefits to suffer undue delay in receiving them. *See Carroll*, 705 F.2d at 643–44. Plainly, the good cause requirement is unmet in this case.

In sum, the Commissioner's conclusion that the plaintiff could perform sedentary work is not supported by substantial evi-

**1180**

dence. This Court, after independently evaluating all of the medical records and testimony and conducting its own *de novo* review, adopts Magistrate Judge Peck's Report and Recommendation and overrules the Secretary's objections.

### IV.

For all of the reasons explained above, the Court finds that the decision of the Commissioner denying a Period of Disability to the plaintiff is not supported by substantial evidence. Thus, the plaintiff's motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) is granted and the defendant's cross motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is denied. This case is remanded to the Commissioner for the calculation and payment of benefits.

**SO ORDERED.**