**Willie H. HANKERSON,**
**Plaintiff-Appellant,**

v.

**Patricia HARRIS, Secretary of Health**
**and Human Services,**
**Defendant-Appellee.**

**No. 435, Docket 80–6066.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 6, 1980.
Decided Dec. 17, 1980.

Toby Golick, Legal Services for the Elderly, New York City, for plaintiff-appellant.

Ralph McMurry, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., E. D. New York, Harvey M. Stone, Asst. U. S. Atty., Brooklyn, N. Y., of counsel) for defendant-appellee.

Before FEINBERG, Chief Judge, LUMBARD and MESKILL, Circuit Judges.

FEINBERG, Chief Judge:

Plaintiff Willie H. Hankerson appeals from a judgment of the United States District Court for the Eastern District of New York, Jack B. Weinstein, Ch. J., affirming the decision of defendant Patricia Harris, Secretary of Health and Human Services (the Secretary), that plaintiff is not entitled to Supplemental Security Income (SSI) disability benefits under 42 U.S.C. §§ 1381 et seq. On appeal, plaintiff challenges both the sufficiency of the evidence supporting the Secretary's determination and the fairness of the administrative hearing afforded plaintiff, who had no counsel at the time. Because we find that in the absence of counsel the Administrative Law Judge (the ALJ) did not sufficiently explore the facts, we vacate the judgment of the district court with instructions to remand the matter to the Secretary for further proceedings in accordance with this opinion.

## I

In April 1978, plaintiff applied for SSI disability benefits claiming total and complete disability within the meaning of 42 U.S.C. § 1382c(a)(3)(B). Plaintiff was then 48 years old. The application was denied initially in May 1978, and on reconsideration in July 1978. The following month, plaintiff requested a hearing pursuant to 42 U.S.C. § 405(b). The hearing was held before the ALJ in March 1979. Although plaintiff was notified in advance that he had a right to have a lawyer present, plaintiff appeared pro se, explaining that he "was in favor of getting" a lawyer but that he had not had time to do so because of deaths in the family. The ALJ decided to allow the hearing to proceed. The hearing was quite brief; the transcript consumes only 16 pages. Plaintiff was the only witness and testified that he had been employed "off and on" as a moving man for approximately 15 years prior to 1978. In addition, around 1977, plaintiff worked as a security guard until he "took sick." The record before the ALJ also included a determination by the Veterans Administration (VA) that plaintiff was 60% disabled as a result of arteriosclerotic heart disease with a history of hypertension, cirrhosis, and degenerative arthritis with myositis ossificans. The record also contained reports from several doctors who had examined plaintiff during the two years prior to his application for SSI benefits, indicating that plaintiff suffers from a variety of ailments including hypertensive cardiovascular disease, an enlarged heart, discogenic disease, and angina pectoris. A six-line note from plaintiff's treating physician, Dr. Zelman, stated that plaintiff was under treatment for arteriosclerotic heart disease and hypertension, and that "he is unable to work because of his illness." [1] However, the record also contained evidence from another physician that plaintiff could stand for two hours, sit, bend, grasp, and manipulate virtually without problem, and lift as much as 60 pounds.

---

1. The record also included another note from Dr. Zelman's office which stated that plaintiff had been under treatment since 1975.

In a brief opinion issued in June 1979, the ALJ concluded that plaintiff was not disabled within the meaning of the statute. Although conceding that "[t]he medical evidence ... indicates that the claimant's impairments prevent him from performing his prior work as a moving man," the ALJ nevertheless found that plaintiff "retains the functional capacity to work as a guard." This determination became the final decision of the Secretary when the Appeals Council denied review in July 1979. In August, plaintiff filed this pro se action in the district court seeking review of the Secretary's decision. After argument, and apparently without an opinion, Judge Weinstein granted the Secretary's motion for judgment on the pleadings and dismissed the complaint in April 1980. This appeal by plaintiff pro se followed; on plaintiff's motion, we assigned him counsel.

## II

To be eligible for SSI disability payments, an applicant must demonstrate that "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 1382c(a)(3)(B).[2] A court reviewing the decision of the Secretary is limited by statute to determining whether the Secretary's conclusions are supported by substantial evidence on the record as a whole. 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g)); see also *Parker v. Harris*, 626 F.2d 225, 231–32 (2d Cir. 1980). In addition, a reviewing court must be satisfied that the claimant has had "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." *Gold v. Secretary of HEW*, 463 F.2d 38, 43 (2d Cir. 1972).

One of the factors which the court must consider is whether the claimant was represented by counsel at the administrative hearing. Id. Although a claimant for SSI disability benefits is entitled to be represented by counsel if he so desires, the Secretary is under no obligation to furnish such counsel. If, however, the claimant does appear pro se, the ALJ has a "duty ... to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts...." Id. See also *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975). In such cases where the claimant was "handicapped by lack of counsel" at the administrative hearing, the reviewing court has "a duty to make a 'searching investigation' of the record" to ensure that the claimant's rights have been adequately protected. *Gold*, supra, 463 F.2d at 43. Applying these principles to the record before us, we conclude that the ALJ did not adequately protect the rights of this pro se litigant by ensuring that all of the relevant facts were sufficiently developed and considered.

The record is replete with instances where the ALJ should have questioned plaintiff more fully concerning various aspects of his testimony. Despite passing references by plaintiff to "heart pains" and "shortness of breath," the ALJ never questioned plaintiff about his subjective symptoms. This circuit has repeatedly held that a claimant's testimony concerning his pain and suffering is not only probative on the issue of disability, but "may serve as the basis for establishing disability, even when such pain is unaccompanied by positive clinical findings or other 'objective' medical evidence...." *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979); see also *McLaughlin v. Secretary of HEW*, 612 F.2d 701, 704–05 (2d Cir. 1980). In the instant case, where the medical record before the ALJ contained a number of references to plaintiff's subjective symptoms, it was par-

---

2. This standard is virtually identical to the definition of disability used in disability insurance benefits cases under 42 U.S.C. § 423. Consequently, since the standard for judicial review is also identical, 42 U.S.C. § 1383(c)(3), cases under 42 U.S.C. § 423 are cited interchangeably with cases under 42 U.S.C. § 1382c(a)(3). See *Rivera v. Harris*, 623 F.2d 212, 216 n.4 (2d Cir. 1980).

ticularly important that the ALJ explore these symptoms with plaintiff so that the ALJ could effectively exercise his "discretion to evaluate the credibility of . . . [the] claimant . . . [in order to] arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Marcus v. Califano*, supra, 615 F.2d at 27.

■ The ALJ also erred in failing to advise plaintiff that he should obtain a more detailed statement from his treating physician. It is settled law in this circuit that in the absence of substantial contradictory evidence, the opinion of the claimant's treating physician is binding on the Secretary. See, e. g., *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir. 1979); *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978). In this case, the ALJ apparently felt free to disregard the opinion of plaintiff's treating physician because "[t]he report did not include any clinical or laboratory findings to support the statement that the claimant was unable to work." Even if this conclusion were correct,[3] however, this court's recent decision in *Eiden v. Secretary of HEW*, 616 F.2d 63 (2d Cir. 1980), demonstrates that a remand is still appropriate due to the ALJ's failure to assist this pro se litigant in securing all of the relevant medical testimony. In *Eiden*, this court remanded the case to the Secretary on the ground that the ALJ was not entitled to ignore the undisputed opinion of the claimant's treating physician that the claimant was disabled prior to 1975 because the opinion was not supported by "objective test results." Id. at 64. In reaching this conclusion, the court pointed out that "the ALJ did not fulfill his affirmative obligation to assist this *pro se* claimant in developing her case. . . . He should, at the very least, have made an effort to

elicit information concerning plaintiff's condition prior to 1975—and he should have sought Dr. Fisher's [one of the doctors who examined the claimant] opinion on this issue." Id. at 65. Before the ALJ can reject an opinion of a pro se claimant's treating physician because it is conclusory, basic principles of fairness require that he inform the claimant of his proposed action and give him an opportunity to obtain a more detailed statement. See also *Dorman v. Harris*, 633 F.2d 1035, 1040 (2d Cir. 1980).

The ALJ also did not question plaintiff about the illness which forced him to leave his job as a security guard after only six to eight weeks. The ALJ should have done so, in light of his conclusion that plaintiff retains the functional capacity to work as a guard. Given the undisputed medical evidence that plaintiff cannot walk more than four blocks or climb a flight of stairs without experiencing extreme shortness of breath, it is entirely possible that plaintiff "took sick" as a direct result of the requirements of the job. Such evidence would certainly cast serious doubts on the ALJ's conclusion that plaintiff retains the functional capacity to work as a guard. Id.

In addition to these omissions, the ALJ also mischaracterized the conclusion of the VA. Instead of acknowledging that the VA had found plaintiff to be 60% disabled, the ALJ stated that "[r]ecords of the Veterans Administration Hospital indicated that the claimant appeared to be in relatively good health." The only place where the VA records mention that plaintiff was in "relatively good health," is the report of a registered dietician, an opinion which is obviously irrelevant to the determination of disability. By in effect ignoring the VA's determination of disability, the ALJ disregarded our suggestion in *Cutler v. Weinberger*, supra, 516 F.2d at 1286, that "[w]hile the de-

---

3. In *Cutler v. Weinberger*, supra, 516 F.2d at 1286–87, we held that a medical opinion did not necessarily have to be supported by "objective" clinical or laboratory findings. However, if a treating physician's opinion is not supported by such findings, the ALJ may not be required to accept it "uncritically and without evaluation," particularly where the record contains substantial contrary evidence. See *Reyes v. Harris*, 482 F.Supp. 638, 641 (S.D.N.Y.1979).

Here, a strong argument can be made that there was sufficient clinical evidence from other sources to support plaintiff's treating physician's conclusion of disability. See *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir. 1980). In light of our disposition of this case, however, it is not necessary to decide how much weight should be given to a conclusory statement from a treating physician under these circumstances.

termination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered."

While none of these errors standing alone might be sufficient to set aside the Secretary's determination, their combination persuades us that plaintiff did not have a fair and adequate hearing before the Secretary. As our prior decisions demonstrate, "[w]hen there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Secretary for further development of the evidence." *Parker v. Harris*, supra, 626 F.2d at 235. We have no doubt that many of the "gaps" in this administrative record were due to the absence of counsel at the hearing. Now that plaintiff has been provided by this court with competent counsel, who we assume will continue to represent him, it is likely that many of the important ambiguities discussed above can be cleared up through additional proceedings before the Secretary.

Accordingly, we vacate the judgment of the district court with instructions to remand the matter to the Secretary for further appropriate proceedings.