**Hiram Toro ARROYO, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 80 Civ. 5871 (RLC).**

United States District Court, S. D. New York.

Dec. 21, 1981.

151

Meltzer & Fishman, New York City, for plaintiff; Stanley F. Meltzer, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City, for defendant; William Hibsher, Asst. U. S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

This is an action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final determination of the Secretary of Health and Human Services ("the Secretary") that denied the plaintiff, Hiram Toro Arroyo, applications for a period of disability and disability insurance benefits, and for Supplemental Security Income ("SSI") based on disability. The plaintiff applied for these benefits on June 2, 1979, because of a back injury that he sustained working in a pizza emporium. These applications were denied originally and again on reconsideration. At plaintiff's request a hearing was held to review the denials, and after the hearing the Administrative Law Judge ("ALJ") found that, although the plaintiff was unable to perform his prior work he could perform sedentary tasks, and therefore according to Social Security regulations he was not disabled. After this decision was approved by the Appeals Council the plaintiff initiated this action. The parties now move for judgment on the pleadings.

After reviewing the transcript, the court finds it impossible to dignify the proceedings before the ALJ by considering them a hearing. Mr. Toro Arroyo was educated only through the fifth grade and is unable to read or write English. He had no legal counsel, but was represented by a community worker. The entire affair lasted less than fifteen minutes, over one-third of which were occupied with introductory and concluding remarks. The bulk of the remaining time passed in translating questions and answers from Spanish to English and vice versa. Mr. Toro Arroyo was the only witness and his examination by the ALJ consumes all of five, double spaced transcript pages. This inquiry revealed to the ALJ that Mr. Toro Arroyo passes most of the day immobilized on his back in sharp pain and that for entertainment he looks out of the window or watches television. The ALJ asked the plaintiff, at the conclusion of the testimony, whether he had any information to add to the record, but the ALJ studiously avoided indicating what information, such as doctor's reports or hospital records, would be necessary to rebut the evidence submitted by the Secretary.

■ Court review is limited to determining whether the Secretary's conclusions are supported by substantial evidence on the record as a whole. 42 U.S.C. § 1382c(a)(3)(B); *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir. 1980). In addition, a reviewing court must ascertain whether the claimant was accorded a full hearing. *Id.; Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2d Cir. 1972).

■ In determining the adequacy of the hearing, several factors must be weighed. If the claimant appeared *pro se,* as Mr. Toro Arroyo did, "the ALJ has a 'duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. . . .'" *Hankerson v. Harris, supra,* 636 F.2d at 895 (*quoting, Gold v. Secretary of HEW, supra,* 463 F.2d at 43). The ALJ also must advise the claimant if it is necessary to augment his exhibits with more detailed medical reports. *Hankerson v. Harris, supra,* 636 F.2d at 896. Furthermore, the ALJ must specify at the hearing several alternative types of employment that he considers the claimant capable of performing, thereby giving the claimant an opportunity to rebut the Secretary's claims of employability. *Campbell v. Secretary of HHS,* 665 F.2d 48, 53 (2d Cir. 1981).

■ "The record is replete with instances where the ALJ should have questioned plaintiff more fully concerning various aspects of his testimony." *Hankerson v. Harris, supra,* 636 F.2d at 895. The ALJ was excessively preoccupied with considerations of efficiency and egregiously oblivious to concerns of due process. Because the ALJ did not adequately protect the rights of this *pro se* litigant by ensuring that all of the relevant facts were sufficiently probed and developed, the decision of the Secretary

must be vacated and remanded for a new hearing.

In addition, the court notes that, as a substantive matter, the ALJ's determination is not supported by substantial evidence on the record as a whole. The Court of Appeals for this Circuit recently made clear, in *Campbell v. Secretary of HHS, supra,* that the Secretary or the ALJ may not rely exclusively on departmental rules as providing notice and evidence of employment available in the national economy. Once the ALJ determines, as he did in this case, that the claimant is unable to return to his prior job, the government assumes the burden of demonstrating that the claimant is able to engage in other work and that such work exists some place in the nation. *Id.* at 51; *Decker v. Harris,* 647 F.2d 291, 294 (2d Cir. 1981). By relying solely on the regulations to support the finding of employability the Secretary did not satisfy the substantial evidence requirement. *See Campbell v. Secretary of HHS, supra,* 665 F.2d at 54.

Finally, I note that the plaintiff complains that the ALJ who presided at the first hearing exhibited such disregard of plaintiff's rights as to warrant recusal. The court cannot delve into matters of motive and prejudice through its review of the bare, cold record. The transcript reveals, however, that the ALJ demonstrated such blatant disregard of this circuit's Court of Appeals' strictures concerning his role as an officer presiding at a disability hearing that the court doubts whether the plaintiff can receive a proper hearing on remand to the same ALJ. Accordingly, the plaintiff's case shall be assigned to a new hearing officer.

IT IS SO ORDERED.