**Dorothy REINECKE, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 80 CV 1934 (ERN).**

United States District Court,
E.D. New York.

Jan. 13, 1983.

Lundstedt & Foy, by Thomas F. Foy, Middle Island, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Igou M. Allbray, Asst. U.S. Atty., Brooklyn, N.Y., for defendant; Frank V. Smith, III, Regional Atty., and Michael Noorigian, Asst. Regional Atty., Dept. of Health & Human Services, New York City, of counsel.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

Plaintiff brought this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the defendant Secretary of Health and Human Services ("Secretary"), which denied her application for a period of disability and Social Security disability insurance benefits. Based upon the pleadings, the administrative record and their respective memoranda of law, each party seeks judgment. For the reasons stated below, the Court concludes that the Secretary's decision is not supported by substantial evidence and that a remand is necessary to determine what type of gainful work plaintiff could perform in light of the physical impairments disclosed.

Plaintiff filed an initial application for disability insurance benefits on September 5, 1978, claiming that a colostomy and arthritis had prevented her from working since December 31, 1976. Tr. 53.[1] Her application was denied on initial and reconsidered determinations, the last on February 21, 1979. Tr. 60. No appeal was taken from those determinations.

On June 19, 1979 plaintiff filed a second application, again claiming disability as of December 31, 1976, by reason of her colostomy and arthritis of her hands, feet and neck. After initial and reconsidered denial of benefits, the case proceeded to a *de novo* hearing before an administrative law judge (ALJ). Tr. 13. Plaintiff was then 62 years of age and had been employed for about 30 years as a legal secretary until she stopped working in December 1976. Tr. 33. She is a high school graduate, is about 5′3″ in height and weighed 137 pounds. Tr. 31.

Plaintiff stopped working because of "embarrassing" uncontrolled physical reactions occurring at work due to a colostomy she had some fifteen years earlier. Tr. 34, 36. In addition, she has "moderate to severe deformity" of the small joints of her hands and toes due to osteoarthritis, which causes pain while walking and standing on her feet, but is relieved by taking aspirin. Tr. 123, 38. Between May 15 and September 15, 1979, she was under the care of Dr. Eugene Gallagher, a foot specialist, for the removal of foot lesions and development of a mold as a supportive device. Tr. 154–57. On September 29, 1979 she was hospitalized for acute enterocolitis and secondary dehydration and discharged on October 2, 1979 to resume regular diet. Tr. 164.

Based upon plaintiff's medical history, the ALJ found that her impairments were not severe, since it appeared that her colostomy "is well functioning," and that her osteoarthritic conditions did not "significantly" limit her capacity to perform basic work-related functions, such as walking, sitting, standing, lifting or carrying. Tr. 17. He also concluded that although plaintiff experienced some measure of pain, it was not of such severity as to be a cause of disability. Tr. 18–19.

Despite the ALJ's findings, this case must be remanded for two reasons. First, as recently reaffirmed in this Circuit, when, as here, a claimant is not represented

1. "Tr." references are to pages of the transcript of administrative record. Plaintiff disclaimed any filing for Supplemental Security Income (SSI) because she was ineligible, since her husband, who had retired at the same time, "was receiving greater benefits on his own." Tr. 44, 48, 56.

by counsel, the ALJ is under a "heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Echevarria v. Secretary of Health and Human Services,* 685 F.2d 751 (2d Cir.1982), quoting *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir.1980), and *Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2d Cir.1972). Thus, it was incumbent upon the ALJ to advise plaintiff that it would be important to obtain up-to-date reports from her treating doctors, stating their opinions as to her ability to perform even sedentary work. Had such reports been obtained, the findings of the consultative examiner would have been of much less weight if contradicted by treating physicians. *See McLaughlin v. Secretary of HEW,* 612 F.2d 701, 705 (2d Cir.1980).

■ Second, there is no evidence to support the finding that plaintiff at her advanced age (62) could continue to perform the semi-skilled secretarial work she had done in the past. The ALJ himself observed the deformity of her fingers, which would raise some doubt as to her ability to resume operating a typewriter on a sustained employment basis.[2] The ALJ recognized that plaintiff was well beyond "advanced age" as defined by the Secretary's regulations, Regulations No. 4, Subpart P (20 CFR 404), Appendix 2, § 201.00(f); and word-processing equipment is rapidly displacing the typewriter. This, perhaps, would not rule out clerical work; but no vocational expert was called for the purpose of advising what types of alternative work a person of plaintiff's age, experience and physical limitations could perform. *See Campbell v. Secretary of the Department of Health and Human Services,* 665 F.2d 48 (1981).

Accordingly, the case is remanded to the Secretary for the taking of additional evidence upon a rehearing.

SO ORDERED.

The Clerk of Court is directed to forward copies of this Memorandum of Decision and Order to counsel for the parties.

---

**2.** This doubt is not overcome by the letter plaintiff typed requesting review of the ALJ's decision. Tr. 10.