James SHERRER, Plaintiff,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.

No. 83 Civ. 2401.

United States District Court,
S.D. New York.

Dec. 22, 1983.

James Sherrer, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; R. Nicholas Gimbel, Asst. U.S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, James Sherrer, who during a twenty-four year period worked on a General Motors assembly line operating a machine that stretched rubber around glass plates for automobiles, seeks review of a determination of the Secretary of Health and Human Services denying his application for disability insurance benefits due him on account of disabling arthritis of his joints, hands, elbows, shoulders, and legs.[1] Before the Court is the government's motion for judgment pursuant to Rule 12(c), Fed.R.Civ.P.

Plaintiff's treating physicians, Drs. Elizabeth Reinitz and Carol Smith, whose report dated May 25, 1982, postdated that of the Secretary's designated doctor, Dr. T. Li, by almost four months, were of the view that plaintiff remained "in an acute phase of the disease [of rheumatoid arthritis] and is thus totally disabled to work."[2] Also part of the record before the Administrative Law Judge ("ALJ") is a report by a doctor employed by plaintiff's insurance carrier, who also found plaintiff unable to work.[3]

The ALJ disregarded these opinions on the ground that they were not accompanied by clinical findings. He found that "while the claimant may have some discomfort, the clinical findings do not establish the presence of a disorder which would produce incapacitating pain or discomfort that would significantly interfere with his capacity for physical activities."

---

1. 42 U.S.C. § 405(g) (Supp. V 1981).

2. Record at 90.

3. *Id.* at 85.

■ Upon application to the Appeals Council, plaintiff submitted additional evidence in the form of a clinical record from the Veterans Administration Medical Center, Bronx, New York, and a notice of clinical determination of total and permanent disability under the General Motors Hourly Rate Employees Pension Plan, which referred to a "recent clinic examination" by Columbia Presbyterian Medical Center.[4] The Appeals Council considered this additional material, but rejected it on the ground that it was not supported by clinical laboratory or other findings which would allow for necessary independent evaluation, and concluded that the additional information had no "material bearing on the decision and [therefore] did not change" the ALJ's determination.

■ Under the decisions of our Court of Appeals, "there is no requirement that medical testimony 'be supported by "objective" clinical or laboratory findings.'"[5] These decisions also recognize that an ALJ has an "affirmative obligation to assist [a] *pro se* claimant in developing h[is] case."[6] At the very least, plaintiff, appearing pro se, should have been afforded an opportunity to present clinical findings and laboratory results.

■ Although it is true, as the Secretary urges on this motion, that a conclusion by another agency is not determinative of whether an individual is disabled within the meaning of the Social Security Act, it does not appear why the determinations of plaintiff's treating doctors were virtually rejected out of hand. "The opinion of a treating physician is entitled to considerable weight, ... and in the absence of contradictory evidence is binding upon the Secretary."[7] The Court is of the view that it is questionable that the expert opinions of plaintiff's treating physicians that he is disabled were overcome by the earlier report of Dr. Li. In any event, the record is bare of any indication that the ALJ or the Appeals Council acknowledged the weight to be accorded opinions of treating physicians.

Because the administrative record in this case leaves much to be desired, the matter is remanded to the Secretary to afford plaintiff an opportunity to present additional evidence and to permit the Secretary to adjudicate plaintiff's claim in accordance with governing law.[8]

The government's motion to dismiss is therefore denied.

So ordered.

---

4. *Id.* at 92.

5. *Eiden v. Secretary of Health, Education & Welfare,* 616 F.2d 63, 65 (2d Cir.1980); *see Hankerson v. Harris,* 636 F.2d 893, 896 (2d Cir.1980).

6. *Eiden,* 616 F.2d at 65; *see Echevarria v. Secretary of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir.1982). This duty is not inconsistent with 20 C.F.R. § 404.1527 (1983), which was relied upon by the ALJ, and which notifies a claimant that "a statement by your physician that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."

7. *Carroll v. Secretary of Health & Human Servs.,* 705 F.2d 638, 642 (2d Cir.1983) (citations omitted).

8. *See* 42 U.S.C. § 405(g) (Supp. V 1981); *Carroll v. Secretary of Health & Human Servs.,* 705 F.2d at 644.