Richard C. EAMES, Plaintiff,

v.

Margaret M. HECKLER,[1] Secretary of the Department of Health and Human Services, Defendant.

No. Civ-81-483E.

United States District Court, W.D. New York.

July 9, 1984.

Gerald A. McIntyre, Bath, N.Y., for plaintiff.

1. Substitution of the named defendant pursuant to Fed.R.Civ.P. rule 25(d).

**1580**

Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Defendant has moved and plaintiff has cross-moved for summary judgment of this action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of defendant Secretary of the Department of Health and Human Services, denying Supplemental Security Income disability insurance benefits ("SSI") to plaintiff.

Plaintiff is a 57-year-old man with a seventh grade education and a work history of heavy labor, primarily for moving companies (Record ["R"] 25). He applied for SSI benefits in May 1980 based on his arthritic condition affecting his lower back, hip and right knee. His application was denied and he was accorded a hearing before an administrative law judge ("the ALJ") in which plaintiff appeared without representation. The ALJ issued a brief decision in which he concluded that plaintiff was not under any severe impairment and hence not entitled to SSI benefits.

An applicant for SSI must establish that "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy" (42 U.S.C. § 1382c(a)(3)(B). A court reviewing a denial of SSI must sustain the denial if such is supported by substantial evidence on the record as a whole. 42 U.S.C. § 1383(c)(3).

■ The reviewing court must also be satisfied that the applicant has had a properly full hearing and must take into consideration whether the appellant was represented by counsel at the administrative hearing; if not, "the ALJ has a 'duty … to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts ….'" *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980). "[W]here the claimant was 'handicapped by lack of counsel' at the administrative hearing, the reviewing court has a 'duty to make a "searching investigation" of the record' to ensure that the claimant's rights have been adequately protected." *Ibid.*

■ In the instant case the ALJ did not adequately discharge his obligation to assist this *pro se* claimant and to explore fully the relevant evidence. The decision of the ALJ makes it clear that he placed "the most weight on the residual functional capacity evaluations made by the examining doctors who state that claimant has no functional limitation." There is a report by Dr. A in the record (R 71) which suggests that plaintiff does not suffer any very serious limitation—to wit, that plaintiff cannot frequently carry or lift weights of over 20 pounds. This doctor, who saw plaintiff once, reported that plaintiff had physical limitations "compatible with minor osteoarthritis." (R 72). More significant is the residual functional capacity estimate of plaintiff's treating physician, Dr. B, which placed very significant restrictions upon plaintiff's ability to sit, stand and walk for continuous time periods, indicated that plaintiff could never lift 51 pounds or carry 26 pounds, could not use his feet for repetitive movements as in pushing and pulling leg controls, and is unable to bend or crawl and can only occasionally squat or climb. (R 85.) The opinion of a claimant's treating physician is entitled to special weight. *E.g., Dousewicz v. Harris*, 646 F.2d 771 (2d Cir.1981).

The ALJ, in the course of plaintiff's very brief administrative hearing, failed to show any interest in plaintiff's statements that Dr. A had not thoroughly examined plaintiff, and that plaintiff's abilities were more restricted than Dr. A had indicated. (R 7–8.) The ALJ did not attempt to develop plaintiff's testimony concerning his difficulty in walking or his experience of pain. (R 7, 10.) Nor did the ALJ endeavor to determine the physical demands of plaintiff's past occupation as a mover. The entire hearing occupies only 11 pages of transcript—7 of plaintiff's testimony—which testifies to the cursory nature of its conduct. *Cf. Hankerson v. Harris, supra*, at 894 (hearing transcript occupied only 16 pages).

On the record before me it strongly appears that the ALJ ought to have determined that plaintiff is under a disability to the extent of being unable to work at his past employment. If a plaintiff establishes disability to this extent,

"the burden shifts to the Secretary, who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training." *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980).

Had the ALJ in this case adequately assisted plaintiff in developing his claim, this burden-shifting would very probably have occurred. It is for defendant to satisfy the burden; a reviewing court cannot independently review the record and conclude that the burden would have been found satisfied had the record been properly developed. The ALJ's failure to properly develop the record constitutes legal error requiring reversal and remand to defendant. *Aubeuf v. Schweiker,* 649 F.2d 107, 115–116 (2d Cir.1981). Accordingly it is hereby ORDERED that defendant's motion for summary judgment is denied and that plaintiff's cross-motion is hereby ORDERED denied and that the case is remanded for proceedings not inconsistent with this decision.