**Jeanette M. BLISS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 10–1558.

United States Court of Appeals, Second Circuit.

Jan. 19, 2011.

Peter W. Antonowicz, Rome, NY, for Appellant.

Joanna Jackson, Special Assistant United States Attorney (Kristina Cohn, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel, Social Security Administration, of counsel), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Jeanette Bliss appeals from the judgment on the pleadings entered by the United States District Court for the Northern District of New York (Hurd, J.), affirming the denial of her claim for Social Security disability benefits by Defendant–Appellee, the Commissioner of Social Security. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bliss argues that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence, and that the assessments by her treating psychiatrist and social worker should have been controlling.

At the threshold, the assessment by the social worker is ineligible to receive controlling weight because social workers do not qualify as "acceptable medical source[s]." See 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2).

"While the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence

in the record." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir.2002) (internal citations omitted). The assessment by the treating psychiatrist was contradicted by: [a] his own treatment notes, which suggested only mild-to-moderate psychiatric limitations, and reflected improvement by Bliss during the course of her treatment; [b] treatment notes from Bliss's primary physician, an examining orthopedist, and an examining arthritis specialist; and [c] the comprehensive review of her medical records conducted by the non-treating psychologist. The ALJ's discussion of all these medical opinions shows careful consideration of the requisite factors for assessing a treating physician's opinion. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir.2004) (per curiam); 20 C.F.R. § 404.1527(d)(2).

The opinions that are inconsistent with the assessment by Bliss's psychiatrist are sufficient for "a reasonable mind [to] accept as adequate to support [the ALJ's] conclusion," *Halloran*, 362 F.3d at 31; substantial evidence therefore supports the ALJ's finding.

■ The treatment notes of the orthopedist suggested a psychological assessment. Bliss argues that it was incumbent upon the ALJ to commission such an assessment. Although the ALJ has a "duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980) (internal ellipsis omitted), an additional psychological examination would have been cumulative in view of the assessments by Bliss's psychiatrist, social worker, and a non-treating psychologist. Moreover, the orthopedist's report pre-dates any of these mental health examinations.

■ Bliss argues that the ALJ should have alerted the treating psychiatrist (or her counsel) of the perceived inconsisten-

cies between the psychiatrist's report and treatment notes. However, the ALJ need not involve medical sources or claimant's counsel in his deliberative process or assessment of the evidence. *See Veino*, 312 F.3d at 588 ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

■ Bliss claims that the ALJ improperly discounted her testimony about her chronic, disabling pain as "not entirely credible." However, "[i]t is the function of the Secretary ... to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). The ALJ's appraisal of her credibility was sufficiently informed; it was made with the benefit of the entire record, including her extensive testimony during the hearing and treatment notes from multiple physicians (which frequently recorded her self-reported symptoms, mood, and physical and mental limitations). Bliss underscores that her doctors never questioned the existence or extent of her symptoms, but the lack of such accusations is unsurprising: A doctor's primary endeavor is to provide medical expertise rather than to assess credibility.

We have considered Bliss's remaining arguments on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.