12-3982-cv
Claymore v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 4th day of June, two thousand thirteen.

Present:        ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.
                RICHARD W. GOLDBERG,[*]
                        *Judge*.

───────────────────────────────────────────────

MICHAEL CLAYMORE,

                        *Plaintiff-Appellant*,

                -v-                                        12-3982-cv

MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

                        *Defendant-Appellee*.

───────────────────────────────────────────────

Appearing for Appellant:            Mark John Curley, New York, NY, Mark A. Schneider,
                                    Plattsburgh, NY.

Appearing for Appellee:             Karen T. Callahan, Special Assistant United States
                                    Attorney, for Richard S. Hartunian, United States Attorney
                                    for the Northern District of New York, Stephen P. Conte,
                                    Regional Chief Counsel, United States Social Security
                                    Administration, Syracuse, NY.

───────────────────────

        [*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (Dancks, *M.J.*).


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Michael Claymore appeals from the final judgment of the district court, which affirmed the decision of the Commissioner of the Social Security Administration denying Claymore disability benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Claymore principally argues that the Commissioner erred by: (1) finding that Claymore did not meet the criteria for Listing 1.04, (2) giving insufficient weight to the opinion of Claymore's treating physician, (3) failing to consider properly the decision by the Department of Veterans Affairs (the "VA") that Claymore was disabled, (4) refusing to find fully credible Claymore's description of his pain and limitations, and (5) relying on the answer provided by the vocational expert in response to a hypothetical. "On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). "It is not our function to determine de novo whether a plaintiff is disabled." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (internal quotation marks and alterations omitted).

We hold the ALJ's determination that Claymore did not demonstrate a back disorder meeting the criteria for Listing 1.04 is supported by the record. The claimant "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Brown v. Apfel*, 174 F.3d 59, 64 (2d Cir. 1999) (internal quotation marks omitted). Although the records show that Claymore suffered "severe degenerative spondylosis with disc narrowing in the lower three lumbar disc levels," the "records don't confirm nerve root compression during the period at issue or that he had motor loss or significant sensory or reflex loss" consistent with Listing 1.04A. *See* 20 C.F.R. Part 404, Subpart. P. App'x 1, § 1.04. Instead the records shows that Claymore's gait was normal and that sensation was only slightly diminished to touch over the left distal leg. Moreover, the "MRI results in May of 2006 showed no significant nerve involvement and no central spinal stenosis." Accordingly, where the claimant failed to show symptoms equivalent to the impairment we conclude the ALJ's finding were properly supported by the record. *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (stating the burden of proving whether the claimant "has an impairment that is listed in Appendix 1 of the regulations" is on the claimant).

We also hold that the ALJ did not err in evaluating the assessment of Claymore's treating physician. First, Claymore cites to several treating physicians, who were outside of the treatment period. Second, the ALJ gave sufficiently good reasons for giving less weight to Dr.

2

Kilbourne's June 2, 2005 statement, that Claymore would not be able to work again. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (stating the ALJ must give good reasons for giving less weight to a determination by a treating physician). The ALJ found Dr. Kilbourne's statement was outweighed by other opinions, in part because "[i]t is not specific in terms of functional limitations, and his opinion is a vocational rather than [a] medical opinion." Also the opinions of Drs. Strickland, Meeker, Hartman and Petro, were given more weight because "[t]here is no opinion evidence from any treating source that contradicts those assessments." Regardless, this Court has held "[a] treating physician's statement that the claimant is disabled cannot itself be determinative." *Snell*, 177 F.3d at 133. It is the Commissioner who is "responsible for making the determination or decision about whether [the claimant] meet[s] the statutory definition of disability." 20 C.F.R. § 404.1527(d)(1). Accordingly, we conclude the ALJ made no error where it gave good reasons and there is sufficient evidence in the record to support its finding.

We also hold the ALJ properly considered the VA's decision that Claymore was entitled to unemployment benefits for disability. A determination made by another agency regarding a claimant's disability is not binding on the Social Security Administration, 20 C.F.R. § 404.1504, however, "it is entitled to some weight and should be considered." *Hankerson v. Harris*, 636 F.2d 893, 897 (2d Cir. 1980) (internal quotation marks omitted). In *Hankerson* the VA determined the claimant was 60% disabled, but the ALJ mischaracterized the VA as stating the "claimant appeared to be in relatively good health," *Id*. at 896 (internal quotation marks omitted). Here, the VA granted Claymore's pension because of a combination of the level of his disability and other factors such as age, education, and occupational background, despite the VA's observation that Claymore did not meet the schedular requirements of a single disability, nor two or more disabilities combined. Thus, the VA's determination was only minimally helpful in proving disability. Moreover, unlike *Hankerson* the ALJ did not misconstrue the VA determination but merely made no mention of it. Nonetheless, we find no error where, although not specifically mentioned, the VA determination was clearly considered by the ALJ, who thoroughly discussed the other VA records in its findings.

We also hold the ALJ did not err in finding Claymore was not credible in discussing his pain. Generally, it is the function of the ALJ, not the reviewing court, to appraise the credibility of witnesses. *Carroll v. Sec'y of Health & Human Servs*., 705 F.2d 638, 642 (2d Cir. 1983). Here, there is support for the ALJ's conclusions given the record shows Claymore could vacuum, travel by car, take out the trash, and wash dishes, as the ALJ noted. The records also showed that pain medications kept his pain under fairly good control. Additionally, the VA progress notes reflected that therapy helped him significantly. Consulting doctors also found he only had mild to moderate problems due to anxiety. Thus, where the ALJ clearly considered the plaintiff's complaints but sufficiently explained his credibility determinations, supported by the record, we find no error.

Finally, we hold that the ALJ did not err in relying on the vocational expert's answer to a hypothetical. This Court has directly spoken on this point, *see Dumas v. Schweiker*, 712 F.2d 1545, 1553–54 (2d Cir. 1983) (holding that an ALJ is entitled to rely on Vocational Expert's testimony of a hypothetical that is based on assumptions that are supported by evidence in the record), and thus we find no error.

We have considered Claymore's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk