13-4037-cv
Eusepi v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
CHESTER J. STRAUB,
REENA RAGGI,
*Circuit Judges.*

---------------------------------------------------------------------

SIRRISSA ANNE EUSEPI,
*Plaintiff-Appellant*,

v.                                                                    No. 13-4037-cv

CAROLYN W. COLVIN, Acting Commissioner of
Social Security,
*Defendant-Appellee.*

---------------------------------------------------------------------

FOR APPELLANT:                    Jarrod W. Smith, Jarrod W. Smith, Esq., PLLC,
Jordan, New York.

FOR APPELLEE:                          Sergei Aden, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, New York, New York, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*; Andrew T. Baxter, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 11, 2013, is AFFIRMED.

Plaintiff Sirrissa Anne Eusepi challenges the district court's affirmance of the Commissioner of Social Security's denial of her application for disability benefits. We review the administrative record de novo, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits. See Talavera v. Astrue, 697 F.3d 145, 153 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to

2

explain our decision to affirm largely for the reasons stated in Magistrate Judge Baxter's thorough report and recommendation to the district court. See Eusepi v. Colvin, No. 12 Civ. 717 (DNH) (ATB) (N.D.N.Y. May 30, 2013), ECF. No. 14.

1.    Acceptable Medical Sources

Eusepi contends that Administrative Law Judge ("ALJ") Edward I. Pitts erred in failing (a) to recognize Physician's Assistant Heather Hudson as a treating medical source whose disability opinion should have been evaluated under 20 C.F.R. § 404.1527(c), and (b) to evaluate Hudson's opinion as to the severity and functional effects of Eusepi's impairments under 20 C.F.R. § 404.1513(d).   Neither argument has merit.

Title 20 C.F.R. § 404.1527(c) governs consideration of "medical opinions," which are defined as "statements from physicians and psychologists or other acceptable medical sources."   20 C.F.R. § 404.1527(a)(2).   Physicians' assistants are not "acceptable medical sources" under this regulation, but rather are "other sources."   Id. § 404.1513(a), (d).   While opinions from other sources are properly considered in assessing claimed disability, see id., they need not be given the controlling weight accorded to opinions from treating medical sources, see id. § 404.1527(c)(2).   Moreover, an opinion on the ultimate question of the applicant's "disability" is not determinative, because that finding is reserved to the agency.   See id. § 404.1527(d)(1); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

Consistent with these regulations, the ALJ properly considered Hudson's evaluations as to the severity of Eusepi's symptoms and the resulting limitations on

3

Eusepi's functional capacity, and disregarded Hudson's opinion on the ultimate question of whether Eusepi was totally disabled and unable to work. For the reasons stated by the magistrate judge, we conclude that substantial evidence supports the ALJ's determination as to the extent of Eusepi's medical impairments.

2.      Duty To Develop the Record

Eusepi faults the agency's development of the administrative record, arguing that it failed to advise her of the importance of producing a treating physician's report and to afford her an opportunity to obtain such evidence. The argument fails because Eusepi was represented by counsel before the agency, and the cases of this court on which she relies, involving pro se claimants, are thus inapplicable. See, e.g., Cruz v. Sullivan, 912 F.2d 8, 12 (2d Cir. 1990); Hankerson v. Harris, 636 F.2d 893, 895–96 (2d Cir. 1980).

To be sure, the ALJ's general duty to develop the administrative record applies even where the applicant is represented by counsel, but the agency is required affirmatively to seek out additional evidence only where there are "obvious gaps" in the administrative record. Rosa v. Callahan, 168 F.3d 72, 79 & n.5 (2d Cir. 1999). That is not this case. Eusepi does not contend that the ALJ lacked her complete medical history, and the administrative record was "adequate for [the ALJ] to make a determination as to disability." Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996). Indeed, at the conclusion of the hearing, Eusepi's counsel requested and obtained an additional two weeks to secure additional medical records. He subsequently submitted further records to the agency,

4

representing that the matter was ready to be taken under advisement by the ALJ. In these circumstances, we identify no error in the development of the administrative record.

3.     Credibility

Eusepi argues that the ALJ failed adequately to explain his adverse credibility determination as to Eusepi's subjective testimony regarding pain. In fact, the ALJ explicitly stated that Eusepi's testimony lacked credibility only to the extent it was inconsistent with objective medical evidence of her functional capacity. The ALJ otherwise credited Eusepi's testimony. The adverse determination was supported by substantial evidence regarding Eusepi's movements on various examinations and her reported ability to function in daily life. See Poupore v. Astrue, 566 F.3d 303, 307 (2d Cir. 2009) (identifying no error in ALJ's rejection of claimant's subjective pain testimony in light of inconsistent evidence of daily functional ability).

4.     New Evidence

Finally, Eusepi urges remand to the agency on the basis of new evidence submitted along with her objections to the magistrate judge's report. To justify remand on this basis, a claimant must show, inter alia, that the new evidence is "material," 42 U.S.C. § 405(g), that is, "relevant to the claimant's condition during the time period for which benefits were denied." Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004) (emphasis added) (internal quotation marks omitted). In this case, the new evidence is a functional capacity assessment dated August 1, 2013—i.e., more than three years after Eusepi's insured period. Given this time lapse, the degenerative nature of Eusepi's impairments, and the

5

absence of any attempt to link the 2013 assessment to the insured period, Eusepi has not demonstrated "a reasonable possibility that the new evidence would have influenced the Commissioner to decide [her] application differently."   Id. (internal quotation marks and alteration omitted).   We therefore decline to remand.

We have considered Eusepi's remaining arguments, and we conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6