15-2569-cv
Evans v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,

-----------------------------------------------------------------------

KATHERINE EVANS,
*Plaintiff-Appellant*,

v.                                        No. 15-2569-cv

CAROLYN COLVIN, Commissioner of Social Security,
*Defendant-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      MARK SCHNEIDER, ESQ., Plattsburgh, New York.

APPEARING FOR APPELLEE:      ROBERT R. SCHRIVER, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Randolph F. Treece, *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 11, 2015, is VACATED and REMANDED.

Plaintiff Katherine Evans appeals from the district court's affirmance of a decision of the Commissioner of Social Security ("Commissioner") denying Evans's application for Social Security disability benefits. In such a case, we review the administrative record de novo, and will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied. See Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010); see also Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) ("Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

1. Failure To Consider New Evidence

Evans argues that the Commissioner erred in failing to consider new records submitted to the Appeals Council, including medical examination reports from November 2011 through July 2012 and a July 2012 determination by the Veteran's Administration

---

[1] Magistrate Judge Treece was, with the consent of the parties pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, designated to conduct all proceedings in this matter, including the entry of final judgment.

("VA") that Evans was permanently disabled. The Appeals Council acknowledged the materials but deemed them irrelevant to the Commissioner's decision because they pertained to a time after June 17, 2011, the end of the period under consideration.

In her reply brief, Evans concedes that the relevant period runs through June 17, 2011, rather than April 18, 2013, when the Appeals Council denied her request for review. That is correct, as 20 C.F.R. § 404.976(b)(1) plainly states that the "Appeals Council will consider . . . any new and material evidence submitted to it which relates to the period <u>on or before the date of the administrative law judge hearing decision</u>" (emphasis added), which in this case was June 17, 2011.

But even with the period so narrowed, Evans's argument has merit. The VA determined that certain of Evans's conditions had disabling effect as of April 24, 2011—two months before the close of the relevant period—while other conditions had disabling effect in 2012. These conclusions were reached based on evidence pertaining both to the period relevant here and thereafter. In the end, however, the VA granted Evans's disability entitlement effective April 24, 2011. These circumstances precluded the Appeals Council from dismissing the VA evidence as irrelevant because it was unrelated to the time period at issue. "[W]hile the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered." <u>Hankerson v. Harris</u>, 636 F.2d 893, 896–97 (2d Cir. 1980) (brackets and internal quotation marks omitted). <u>See also Machia v. Astrue</u>, 670 F.Supp.2d 326, 336 (D. Vt. 2009) (warning that VA determination may not be "completely ignore[d]" and observing that "[t]he point of the

3

Second Circuit's admonition to accord VA determinations 'some weight' is that in addition to the oral testimony and medical evidence, VA rating decisions are another item to be placed on the evidentiary scale"). Thus, we remand for the requisite consideration of new evidence pertaining to the relevant period.

We do not, however, identify error in the Appeals Council's determination that the medical examination reports from November and December 2011 were not material to the disability determination up to June 2011. While evidence from a later evaluation can be material to an earlier time period, such evidence must be both (1) relevant to the claimant's condition during the relevant period and (2) probative, and additionally must create "a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently." Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004) (brackets and internal quotation marks omitted). That is not this case.

Dr. Binter assessed Evans on November 25, 2011. Physically, Dr. Binter noted that Evans was neurologically intact in her lower extremity motor strength and sensation, experienced some difficulty relaxing and slight limitation in her range of motion when raising her legs bilaterally, and became uncomfortable while seated for a long period of time. Mentally, Dr. Binter found that Evans was "intelligent and sensitive," with normal "thought process, content and mentation." R. 663. Dr. Binter concluded that Evans "has no neurological deficits," noted that her preexisting depression, anxiety, and attention deficit disorders were not related to her injury, and recommended that she take up volunteer work along with treatment. Id. at 664. Dr. Gitlin, who conducted a psychiatric examination of Evans on December 13, 2011, in connection with a lawsuit against the

4

stable at which her back injury occurred, concurred with Dr. Binter's conclusions. While she found that Evans was "significantly depressed," she stated that Evans was "intelligent, personable and motivated" and recommended both future paid employment and volunteer work along with other treatment. Id. at 670–71. Both assessments are consistent with and duplicative of medical evidence before the ALJ at the time of Evans's disability determination. Accordingly, we identify no reasonable possibility that the ALJ would have reached a different conclusion based upon this evidence, rendering it immaterial to the relevant period.

2.    Weight Ascribed to Treating and Consultative Sources

Evans argues that the Commissioner further erred in failing adequately to defer to the opinions of the physician's assistant ("PA") who was Evans's primary care provider. While an ALJ may consider evidence from a PA, such a source is not an "acceptable medical source" and therefore cannot constitute a "treating source." See 20 C.F.R. §§ 404.1502, 404.1513(d)(1). We have thus made clear that an ALJ is not required to defer to such a source under the treating source rule, but merely to consider her opinion as with any other probative evidence. See Kohler v. Astrue, 546 F.3d 260, 268–69 (2d Cir. 2008). Nonetheless, an ALJ must weigh that opinion according to a number of factors, including the length, nature, and extent of the treatment relationship and the frequency of examination; evidence in support of the opinion; the opinion's consistency with the record as a whole; and other relevant factors. See 20 C.F.R. § 404.1527(c).

The record fails to show that the ALJ adequately considered these factors when weighing PA Thompson's opinion. As Evans's primary care provider, PA Thompson

evaluated Evans over 20 times over a period of 16 months. She noted that Evans suffered from chronic back pain despite recent surgery and prescribed medications to treat Evans's symptoms. She also referred Evans to a pain management specialist, Dr. Gellis, who prescribed additional medications to treat Evans's symptoms. Meanwhile, Evans's surgeon, Dr. Braun, recommended steroid injections, which Dr. Gellis then administered. The ALJ failed to acknowledge any of this evidence weighing in favor of PA Thompson's opinion. Accordingly, we remand for the ALJ to reevaluate the weight owed PA Thompson's opinion in light of the factors set forth in 20 C.F.R. § 404.1527(c). Further, to the extent the ALJ discredited PA Thompson's assessments as merely reflective of Evans's subjective reports of pain, we remand for the reasons discussed in the next section of this order.

3.     Credibility Determination

Evans argues that the Commissioner erred in failing to credit Evans' account of the severity of her impairments. Where supported by objective medical evidence, a claimant's subjective evidence of pain is entitled to great weight. Simmons v. U.S. R. R. Ret. Bd., 982 F.2d 49, 56 (2d Cir. 1992). If a claimant's subjective evidence of pain suggests a greater severity of impairment than can be demonstrated by objective evidence alone, the ALJ must consider other evidence, such as the claimant's daily activities, duration and frequency of pain, medication, and treatment. See 20 C.F.R. § 404.1529(c)(3). Where supported by specific reasons, "an ALJ's credibility determination is generally entitled to deference on appeal." Selian v. Astrue, 708 F.3d 409, 420 (2d Cir. 2013).

6

Here, although the ALJ made specific findings regarding Evans's treatment history, see 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v); the consistency of Evans's own statements, see S.S.R. 96-7p (S.S.A. July 2, 1996), 1996 WL 374186; and the consistency of her reported symptoms with the objective medical evidence, see 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2), the ALJ largely ignored record evidence supporting Evans's complaints of pain. For example, all of Evans's treating and consulting doctors diagnosed her with chronic back pain. Several observed discomfort, tenderness, and a limited range of motion. Both Dr. Gellis and Dr. Braun recommended additional measures to treat Evans's pain following her surgery, including steroid injections, a TENS unit, and physical therapy. Dr. Arguelles likewise recommended aggressive spinal rehabilitation. These doctors seemed intent on treating Evans's condition and relieving her pain; not one of them suggested that Evans was exaggerating her symptoms. And while PT Hando noted the presence of Waddell's signs,[2] he ascribed no significance to those signs, ultimately giving Evans a low back pain disability score of 70%.

Meanwhile, Evans's daily activities were significantly limited. She reported that she spent most days lying down, was unable to drive for extended periods of time, and was capable of doing about 15% of what she previously had been able to do. She was also retired from the Vermont National Guard.

On this record, we cannot conclude that the ALJ's adverse credibility determination of Evans's credibility—and particularly his finding of "documented symptom

_____

[2] Waddell's signs are "a clinical test for patients with low back pain that can be used to indicate whether the patient is exaggerating symptoms." Jordan v. Comm'r of Soc. Sec., 548 F.3d 417, 420 (6th Cir. 2008).

exaggeration"—is supported by substantial evidence.   We therefore remand for the ALJ to reassess Evans's credibility in accordance with the factors set forth under 20 C.F.R. § 404.1529(c)(3).

4.      Conclusion

For the reasons stated, we VACATE the judgment of the district court and REMAND with instructions for the district court to remand this case to the Commissioner to evaluate Evans's disability claim consistent with the controlling law identified herein.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court