12-902-cv
William P. Atwater v. Michael J. Astrue, Commissioner of the Social Security Administration

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

Present:   JOHN M. WALKER, JR.,
           ROBERT A. KATZMANN,
                   *Circuit Judges*,
           LORETTA A. PRESKA,
                   *District Judge*.[*]

_____

WILLIAM P. ATWATER,

                   *Plaintiff-Appellant*,


                   - v -                          No. 12-902-cv

MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                   *Defendant-Appellee.*

_____


For Plaintiff-Appellant:   William C. Bernhardi, Bernhardi & Lukasik, PLLC, West Seneca, N.Y.

---

[*] The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:   David L. Brown, Special Assistant United States Attorney, and
                          Stephen P. Conte, Regional Chief Counsel, Social Security
                          Administration, *for* William J. Hochul, Jr., United States Attorney for
                          the Western District of New York, Buffalo, N.Y.


        Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Plaintiff-Appellant William P. Atwater appeals from the final judgment of the United

States District Court for the Western District of New York (Skretny, *C.J.*), which affirmed the

decision of the Commissioner of the Social Security Administration denying Atwater disability

benefits under the Social Security Act. We assume the parties' familiarity with the underlying

facts, the procedural history, and the issues presented for review.

        Atwater principally argues that the Commissioner erred by: (1) finding that Atwater had

acquired transferable skills from his previous employment in the military, (2) giving insufficient

weight to the opinion of Atwater's treating physician, (3) failing to consider properly the

decision by the Department of Veterans Affairs (the "VA") that Atwater was disabled, and (4)

refusing to find fully credible Atwater's description of his pain and limitations. On appeal, we

first "review[] the Commissioner's decision to determine whether the Commissioner applied the

correct legal standard" and then "examine[] the record to determine if the Commissioner's

conclusions are supported by substantial evidence." *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir.

1999). Substantial evidence is more than a mere scintilla. It is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Id.* at 773-74.


2

We hold that the Commissioner did not err in finding that Atwater had acquired transferable skills from his employment with the military. A vocational expert testified that Atwater's past employment involved clerical duties, light typing, filing, answering the phone, providing information to callers, and directing people to assistance. First, Atwater contends that such abilities are not "skills." However, Social Security Ruling 82-41 states that "clerical skills" such as "typing, filing, [and] tabulating and posting data in record books . . . may be readily transferable to such semiskilled sedentary occupations as typist, clerk-typist and insurance auditing control clerk." SSR-82-41(2)(d), 1982 WL 31389, at *3 (S.S.A. 1982). At the least, Atwater's typing, filing, and clerical abilities constitute "skills" under the regulations. Second, Atwater asserts that any knowledge or expertise acquired in the vocational setting of the military is not transferable. But he has not offered any basis in law or fact to suggest that the clerical skills he developed in the military are among those that are "so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings." 20 C.F.R. § 404.1568(d)(3). Finally, Atwater argues that vocational experts Manzi and Steinbrenner gave conflicting testimony regarding the transferability of Atwater's skills and that the administrative law judge ("ALJ") failed to resolve that conflict. Atwater, however, fails to identify the conflict. Although Steinbrenner testified that many military jobs do not have an exact counterpart in the Dictionary of Occupational Titles, he did not state that employees cannot acquire any transferable skills through the performance of military jobs or that Atwater in particular acquired no transferable skills through his employment with the military.

3

We hold that the Commissioner did not err in evaluating the assessment of Atwater's treating physician, Dr. Srikrishnan. First, Atwater contends that the ALJ should have given greater weight to the physical therapist's findings as adopted by Dr. Srikrishnan because the evaluation conducted by the physical therapist was based on objective medical testing. However, the physical therapist's progress notes only show that Atwater was observed lifting ten pounds; the rest of the physical therapist's findings are of uncertain origin, and it appears that some if not all of them were obtained from Atwater's own description of his abilities and activities. The ALJ provided Dr. Srikrishnan with an opportunity to clarify the basis of these findings, and Dr. Srikrishnan failed to do so. Second, Atwater argues that Dr. Srikrishnan's functional capacity evaluation was consistent with the record. For substantially the reasons articulated by the district court, we hold that there was substantial evidence from which to find that Dr. Srikrishnan's residual capacity evaluation of Atwater was inconsistent with the record as a whole. Finally, Atwater challenges the ALJ's failure to review explicitly each factor provided in 20 C.F.R. § 404.1527(c). We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear. *See Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004) (per curiam) (affirming ALJ opinion which did "not expressly acknowledge the treating physician rule," but where "the substance of the treating physician rule was not traversed.").

We also hold that the Commissioner did not improperly disregard the VA's decision that Atwater was entitled to individual unemployability benefits because he was unable to engage in substantially gainful occupation as a result of service-connected disabilities. A determination made by another agency regarding a claimant's disability is not binding on the Social Security

Administration. 20 C.F.R. § 404.1504. Nonetheless, "it is entitled to some weight and should be considered." *Hankerson v. Harris*, 636 F.2d 893, 897 (2d Cir. 1980). Here, it is undisputed that the ALJ considered the VA's decision. Atwater contends that the ALJ entertained an "erroneous notion of how th[e VA's] determination came about." Appellant's Br. 55. However, the ALJ correctly described the VA's decision as based on a letter from Atwater's former employer. The VA listed the letter first under the heading "<u>REASONS FOR DECISION</u>" in its decision to grant Atwater benefits.

Finally, we hold that the ALJ did not err in finding that Atwater's testimony regarding his symptoms was not fully credible. For substantially the reasons articulated by the district court, we hold that the ALJ's credibility determination was supported by substantial evidence.

We have considered Atwater's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK