GERSHON, United States District Judge:
*176 The parties have filed cross-motions for judgment on the pleadings and, on December 13, 2017, I heard oral argument on the parties' motions. For the two reasons set forth herein, I grant plaintiff's motion to the extent it seeks remand to the Commissioner for further proceedings.
First, Administrative Law Judge ("ALJ") Walters discounted the opinions of Dr. Mani, a treating psychiatrist, and Clifford Frank, plaintiff's treating clinical social worker, on the ground that their opinions were inconsistent with their treatment notes. On remand, the ALJ should clarify what in the treatment notes is inconsistent with their opinions. At oral argument, defendant argued that treatment notes that post-dated the mental health questionnaire completed by Dr. Mani and Mr. Frank on February 26, 2015 called the conclusions of the questionnaire into doubt because those later treatment notes stated that plaintiff's depression was "in remission." If that is the basis for the ALJ's finding of inconsistency, then the ALJ should clarify with Dr. Mani and/or Mr. Frank how this reported remission affects plaintiff's ability to work.[1] The ALJ's need to clarify the record in this regard is particularly important here because the treatment notes from visits pre-dating the mental health questionnaire are consistent with the conclusions of the questionnaire.
Second, the ALJ failed to properly evaluate plaintiff's credibility. "Credibility determinations ... must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Atwater v. Astrue , 2012 WL 28265, at *6 (W.D.N.Y. Jan. 5, 2012), aff'd 512 Fed. Appx. 67 (2d Cir. 2013). Though defense counsel articulated possible reasons underlying the ALJ's determination at oral argument, the ALJ did not make those findings. In making her credibility determination, the ALJ analyzed plaintiff's credibility as to both her physical and mental ailments. As to the mental ailments (the only determination challenged in this proceeding), the ALJ found that plaintiff's treatment has been managed in a routine manner, that she has not been hospitalized, and that she only began treatment in September of 2014 (despite alleging mental health issues for a significantly longer period of time). On remand, if, after reconsidering the opinions of Dr. Mani and Mr. Frank, the ALJ still finds plaintiff to be not credible, then she should articulate all of her reasons for so concluding.
Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded for further development of the record and further evaluation in accordance with *177 this order. The Clerk of Court is directed to enter judgment and close this case.
SO ORDERED.

I also note that defendant relies on a treatment note from March 13, 2015 for its contention that plaintiff's depression was in remission on that date. Administrative Record at 536. It is not clear to me that the "current diagnosis" or "diagnosis update" sections of that record state that the depression is in remission. As stated at the conference, the treatment notes are difficult to read. On remand, if the ALJ is relying on plaintiff's depression being in remission, she should not only clarify what depression in remission entails and how it affects plaintiff's ability to work, but also ensure that the treatment notes actually make that diagnosis.